**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

BARBARA HOWARD,

       Plaintiff,

v.                               Case No:  2:13-cv-894-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

       Defendant.

_____

**OPINION AND ORDER**

Plaintiff, Barbara Howard, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").   As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

## I.    Issue on Appeal

Plaintiff argues one issue on appeal: whether the ALJ failed to incorporate any limitations regarding Plaintiff's irritable bowel syndrome ("IBS") – which the ALJ found was a severe impairment – into the residual functional capacity ("RFC") assessment.   Specifically, Plaintiff asserts that her testimony regarding the condition and the medical records support a more limited RFC, and thus the ALJ did not properly limit Plaintiff's ability to work because of the impairment.

## II.   Procedural History and Summary of the ALJ's Decision

On July 22, 2010, Plaintiff filed an application for disability, DIB, and SSI, alleging she became disabled and unable to work on August 31, 2007, due to depression, fibromyalgia, knee problems, bulging discs, back pain, and IBS.   Tr. 71-72, 147-58, 175.   The Social Security Administration ("SSA") denied her claim initially and upon reconsideration.   Tr. 79-87, 90-95.   Plaintiff then requested and received a hearing before an ALJ on December 12, 2011, during which she was represented by an attorney.   Tr. 42-70.   Plaintiff and a vocational expert ("VE") testified at the hearing.

On June 14, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying her claim.   Tr. 22-37.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 31, 2007, the alleged onset date.[1]   Tr. 27. At step two, the ALJ determined that Plaintiff had the following severe impairments: IBS, degenerative disc disease, fibromyalgia, and left hip arthralgia.   *Id.*   The ALJ further found that her gastroesophageal reflux disease ("GERD") and adjustment disorder with mixed anxiety and depressed mood were not severe.   Tr. 28-29.   At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[2]   Tr. 30.   In doing

---

[1] The ALJ found that Plaintiff worked after the alleged onset date but this work activity did not rise to the level of substantial gainful activity.   Tr. 27.

[2] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work

so, the ALJ explicitly considered the "paragraph B" criteria, and found that the criteria were not satisfied.   Tr. 29-30.

Taking into account the entire record and the effects from all of Plaintiff's impairments – both severe and non-severe – the ALJ then determined that Plaintiff had the RFC to perform the light work, as defined in 20 C.F.R. § 416.967(b),[3] with some additional limitations.   Tr. 30.   The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC] assessment."   Tr. 31.   In making this finding, the ALJ considered Plaintiff's allegations of pain due to IBS; neck, joint and back pain; fibromyalgia; degenerative disc disease; chest pain; and psychological limitations. Tr. 30-35.   The ALJ determined that Plaintiff was unable to perform her past relevant work as a waitress, caregiver, or in retail sales.   Tr. 35-36.   Taking into consideration his RFC determination, and supported by the VE's testimony, the ALJ

---

experience."   20 C.F.R. § 405.1525(a).

[3] The regulations define "light work" as follows:

(b) Light work.   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

found that jobs exist in significant numbers in the national economy that Plaintiff can perform according to the Medical Vocational Guidelines.   Tr. 36.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council.   After considering the ALJ's decision, the Appeals Counsel denied the request on November 22, 2013.   Tr. 1-5.   Accordingly, the ALJ's June 14, 2012 decision is the final decision of the Commissioner.   On December 27, 2013, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. §

405(g).  Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

IV.   Discussion

Plaintiff argues on appeal that the ALJ erred in failing to incorporate any limitations caused by her IBS into the RFC.  In doing so, Plaintiff alleges that the ALJ did not address Plaintiff's credibility regarding her complaint of symptoms from IBS.  Defendant responds that Plaintiff's contention that the ALJ did not consider Plaintiff's IBS is without merit, because the ALJ's decision reflects that following his

determination that Plaintiff's IBS was a severe impairment, the ALJ properly took into account at subsequent steps Plaintiff's IBS and the limitations it allegedly caused her, as he is required to do under the regulations.   The Court agrees with the Commissioner.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record.   20 C.F.R. § 404.1520(e).   Here, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."   Tr. 18.   The ALJ then proceeded to assess and make a finding regarding the claimant's RFC.   The RFC is the most that a claimant can do despite her limitations.   *See* 20 C.F.R. § 404.1545(a)(1).   The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements.   *Id.*   At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC.   *See* 20 C.F.R. § 404.1546(c).   The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work.   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)).   The RFC assessment is based upon all the relevant evidence of a claimant's remaining

ability to do work despite impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

"The ALJ must consider every impairment alleged." *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). The ALJ is required to consider the combined effects of a claimant's alleged impairments and make specific, well-articulated findings as to the effect of the impairments and whether they result in disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

In his decision, the ALJ found that Plaintiff retained the ability to perform light work, with specific limitations. Tr. 30. In doing so, he noted he considered all symptoms and the opinion evidence regarding Plaintiff's physical and mental limitations. Contrary to Plaintiff's assertions, the ALJ considered Plaintiff's IBS in his RFC assessment. Tr. 30, 32, 34. The ALJ noted that Plaintiff takes medication for her IBS condition and discussed her testimony that her IBS is painful, and she goes two weeks without a bowel movement, which makes her sick. Tr. 30-31. The ALJ further took into account the opinion Dr. Edward Molis, M.D., a state agency physician, who noted that although Plaintiff has IBS, she could perform activities of daily living, prepare meals, do light housework, drive, and go shopping. Tr. 32. Dr. Molis concluded that Plaintiff could perform light work. Tr. 417-20. After reviewing the medical evidence of record, the ALJ assigned significant weight to Dr. Molis' opinion finding that the objective medical evidence fully support his diagnoses relating to Plaintiff's abilities. Tr. 35.

The ALJ further noted Plaintiff's allegations of abdominal cramping during an October 31, 2009 emergency room visit.   Tr. 34, citing Tr. 405.   However, x-rays showed only increased stools and non-obstructive gas patterns.   *Id.*   The ALJ acknowledged these complaints, but found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with his RFC findings.   Tr. 31.   Thus, contrary to Plaintiff's contention, the ALJ's credibility finding took into account her testimony and medical records regarding her IBS complaints.   Tr. 30-31.

Notably, Plaintiff's doctors placed no restrictions on her due to her IBS.   In fact, Dr. Molis acknowledged that Plaintiff suffered from IBS, but that her allegations were only partially credible and found that she could perform light work.   Tr. 416-21.   State agency medical consultants are considered experts in social security disability programs and their opinions may be entitled to great weight if their opinions are supported by evidence in the record.   20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p.   Likewise, the ALJ found that Plaintiff's IBS was a severe impairment but, after reviewing the medical record and assessing Plaintiff's subjective complaints and credibility in light of the record, found that the impairment did not preclude Plaintiff from performing light work.   In doing so, the ALJ took into account Plaintiff's activities of daily living.   Tr. 32.   Further, the ALJ considered a March 24, 2010 examination where her abdomen was found normal.   Tr. 34, 282.   Other medical records show that her abdomen was oftentimes found within normal limits.   Tr. 278, 288, 304, 310, 314, 320, 409, 413, 415, 456, 458, 460, 462, 466.

Thus, the Court finds that the ALJ properly considered Plaintiff's IBS when determining her RFC, and his decision that this impairment does not preclude Plaintiff from working is supported by substantial evidence in the record.

## V.    Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1.    The decision of the Commissioner is **AFFIRMED**.

2.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3.    The Clerk of Court is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record